**Opinion issued August 6, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00965-CV

———————————

**EDWARD FOUSSADIER, Appellant**

**V.**

**TEXAS DEPARTMENT OF TRANSPORTATION and
TRIPLE B SERVICES, LLP, Appellees**

---

**On Appeal from the 55th Court of Harris County
Harris County, Texas
Trial Court Case 2016-03307**

---

## MEMORANDUM OPINION

Appellant Edward Foussadier sued Triple B Services ("Triple B") and the

Texas Department of Transportation ("TxDOT") after he was injured in a bicycle

accident, which he alleged was caused by a road defect. Foussadier brought

claims for negligence and breach of implied warranty against Triple B, alleging

the defect was created by Triple B's work on the road. The trial court granted take-nothing summary judgment against Foussadier and severed his claims against Triple B. We affirmed the trial court's summary judgment, and the Supreme Court of Texas denied Foussadier's petition for review. *Foussadier v. Triple B Servs., LLP*, No. 01-18-00106-CV, 2019 WL 2127604, at *1 (Tex. App.—Houston [1st Dist.] May 16, 2019, pet. denied) (mem. op.) (*Foussadier I*).

Foussadier then re-pled the same claims against Triple B. Triple B moved for summary judgment on the grounds of res judicata and the statute of limitations. The trial court granted summary judgment and dismissed Foussadier's claims with prejudice. The court later denied Foussadier's motion for reconsideration and again severed his claims against Triple B. We affirmed the trial court's summary judgment, and the Supreme Court of Texas denied Foussadier's petition for review. *Foussadier v. Triple B Servs., LLP*, No. 01-21-00024-CV, 2022 WL 3589497, at *1 (Tex. App.—Houston [1st Dist.] Aug. 23, 2022, pet. denied) (*Foussadier II*).

In this third iteration, Foussadier again re-pled the same claims against Triple B. Triple B moved for and won on summary judgment, and the trial court sanctioned Foussadier and his counsel. On appeal, Foussadier contends that the trial court erred by denying his motion for reconsideration, granting Triple B's motion for summary judgment, and assessing sanctions.

Foussadier also brought a premises liability claim against TxDOT. After *Foussadier II*, the trial court granted TxDOT's plea to the jurisdiction and no-evidence summary judgment motion. The trial court denied Foussadier's motion for spoliation instruction. On appeal, Foussadier contends that he produced sufficient evidence to create a fact issue regarding TxDOT's alleged gross negligence to waive sovereign immunity. He also contends that the trial court erred by denying his motion for spoliation instruction.

We affirm.

## Background

This Court has discussed the facts underlying this lawsuit in its two earlier opinions. *Foussadier I*, 2019 WL 2127604, at *1; *Foussadier II*, 2022 WL 3589497, at *1. In short, between 2012 and 2014, Triple B performed roadwork on FM 2978 near Tomball, Texas, a road owned and maintained by TxDOT. In 2015, Foussadier was riding his bicycle on the stretch of road where Triple B had worked when his wheel fell into a hole. Foussadier lost control of his bicycle, fell, and broke his collarbone. He brought a premises liability claim against TxDOT and negligence and breach of warranty claims against Triple B.

TxDOT filed a combined plea to the jurisdiction and no-evidence summary judgment motion, asserting there was no evidence TxDOT was negligent under a licensee theory of recovery, but the trial court denied TxDOT's motion. Triple B

3

moved for no-evidence and traditional summary judgment, and the trial court granted Triple B's no-evidence motion and denied Foussadier's motion for reconsideration.

Foussadier's claim against TxDOT was stayed for several years while he pursued multiple appeals involving Triple B. After the Texas Supreme Court denied review in *Foussadier II*, Foussadier amended his petition twice, asserting the same claims based on the same facts underlying the original lawsuit against Triple B but alleging that there was a material change based on a new expert report and expert depositions.

As in *Foussadier II*, Triple B moved for summary judgment based on res judicata and the statute of limitations. Triple B also asked the trial court to sanction Foussadier and his counsel, Carl Gordon, for continuing to pursue claims clearly precluded by res judicata. The trial court granted summary judgment in favor of Triple B and imposed a $10,000 sanction against Foussadier and Gordon.

After *Foussadier II*, TxDOT filed another plea to the jurisdiction and no-evidence summary judgment motion, this time asserting that the Recreational Use Statute[1] applied and no evidence showed that TxDOT was grossly negligent under a trespasser theory of recovery. Foussadier moved for a spoliation instruction against

---

[1] TEX. CIV. PRAC. & REM. CODE §§75.001–75.007.

4

TxDOT. The trial court granted TxDOT's motion for summary judgment and plea to the jurisdiction and denied Foussadier's motion for spoliation instruction.

## Triple B

In two issues, Foussadier contends the trial court erred by denying his motion for reconsideration of Triple B's no-evidence motion for summary judgment and granting Triple B's motion for summary judgment and motion for sanctions.

### A.    *Standard of Review*

We review a motion for reconsideration of a no-evidence summary judgment for an abuse of discretion. *See Mullins v. Martinez R.O.W., LLC*, 498 S.W.3d 700, 705 (Tex. App.—Houston [1st Dist.] 2016, no pet.). We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003).

We review a sanctions order for an abuse of discretion. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014). Although we view conflicting evidence favorably to the trial court's decision, we independently review the entire record to determine whether the trial court abused its discretion.

*Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020). "[We] may reverse the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable." *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007).

**B.      *We have no jurisdiction to decide Foussadier's first issue***

Foussadier's first issue, complaining that the trial court erred by denying Foussadier's motion for reconsideration of Triple B's motion for summary judgment, is a collateral attack on this Court's May 16, 2019 judgment in *Foussadier I*. In *Foussadier I*, this Court affirmed the trial court's denial of Foussadier's motion for reconsideration. *Foussadier I*, 2019 WL 2127604, at *1. Here, Foussadier again contends that the trial court erred by denying his motion for reconsideration. Our plenary power over the judgment in *Foussadier I* has long since expired. *See* TEX. R. APP. P. 19.1. After our plenary power expires, we cannot vacate or modify our judgment. TEX. R. APP. P. 19.3. "Further, it is well settled that an intermediate appellate court in Texas has no power to substantively alter its judgment after our supreme court denies review." *Steadfast Funding, LLC v. 2017 Yale Dev., LLC*, No. 01-23-00500-CV, 2024 WL 4846842, at *2 (Tex. App.—Houston [1st Dist.] Nov. 21, 2024, no pet.). Accordingly, we dismiss Foussadier's first issue for want of jurisdiction.

6

***C.*** ***Res judicata applies to Foussadier's contention the trial court erred granting Triple B's motions for summary judgment***

Foussadier's fifth and sixth amended petitions allege the same claims based on the same facts as his prior petitions. Triple B moved for summary judgment on Foussadier's claims based on res judicata and the statute of limitations, and the trial court granted summary judgment in favor of Triple B.

"Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Trust Corp. ex. rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992). To be entitled to summary judgment based on res judicata, Triple B was required to prove: "(1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

On appeal, Foussadier does not contest that Triple B proved its res judicata defense as a matter of law. *See Foussadier II*, 2022 WL 3589497, at *1. But he argues that because of a change in material facts, res judicata does not apply. The Texas Supreme Court has recognized that a change in material facts between the first judgment and the second suit is a limited exception to res judicata. *See*

7

*Marino v. State Farm Fire & Cas. Ins. Co.*, 787 S.W.2d 948, 950 (Tex. 1990). The rationale underlying the *Marino* exception is that a judgment cannot affect subsequently arising rights and duties. *Id.* Here, though, there are no subsequently arising rights or duties. *See Foussadier II*, 2022 WL 3589497, at *1.

Foussadier contends that expert reports and deposition testimony obtained in discovery change the material facts because they included new evidence that raises a genuine issue of material fact on causation. Triple B responds that while these alleged facts may have been discovered after the final judgment in *Foussadier II*, they were not new facts warranting the application of the narrow *Marino* exception. We agree. There is a clear distinction between facts that occur after a final judgment which alter the parties' rights and new discovery of old facts after a final judgment is entered. Any fact which supports Foussadier's claim that Triple B's actions caused Foussadier's injury necessarily existed at the time he was injured. Foussadier could have discovered these facts prior to final judgment, and a lack of diligence in obtaining the evidence on which he now relies does not give rise to a new right to reassert claims that have already been adjudicated. *See Barr*, 837 S.W.2d at 631 ("A subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit."). Otherwise, litigation would never conclude, reducing the res judicata doctrine to a mere misnomer.

We conclude that the trial court correctly granted Triple B's motion for summary judgment based on res judicata.

**D.** ***The trial court did not err in imposing sanctions against Foussadier and his counsel***

Foussadier next contends that the trial court erred in imposing sanctions against him and his counsel. To preserve a complaint for appellate review, the record must show the appellant made the complaint to the trial court in a timely request, objection, or motion that states the grounds for the complaint with such specificity to make the trial court aware of the complaint. TEX. R. APP. 33.1(a). "If a sanctioned party does not complain of the sanctions against him in the trial court or ask the trial court to reconsider, he waives any complaint about the trial court's actions." *In the Estate of Kristy Marie Turnbow, Deceased,* No. 01-24-00837-CV, 2026 WL 1870825, at \*6 (Tex. App.—Houston [1st Dist.] June 30, 2026, no pet. h.) (mem. op.). Foussadier did not present this complaint to the trial court and thus failed to preserve it for appellate review. *See* TEX. R. APP. 33.1(a); *Valdez v. Valdez,* 930 S.W.2d 725, 728 (Tex. App.—Houston [1st Dist.] 1996, no writ).

We overrule Foussadier's second issue.

In two additional issues, Foussadier contends that the trial court erred in granting TxDOT's motion for summary judgment and plea to the jurisdiction and denying Foussadier's motion for a spoliation instruction.

**Plea to the Jurisdiction**

*A. Standard of Review*

A plea to the jurisdiction is a procedural vehicle used to challenge a court's subject-matter jurisdiction over a claim. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). We review whether a court has subject-matter jurisdiction under a de novo standard of review. *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632 (Tex. 2015). "In doing so, we exercise our own judgment and redetermine each legal issue, without giving deference to the lower court's decision." *City of Houston v. Houston Firefighters' Relief & Ret. Fund*, 667 S.W.3d 383, 395 (Tex. App.—Houston [1st Dist.] 2022, pet. denied).

"[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Miranda*, 133 S.W.3d at 227. When reviewing a plea to the jurisdiction in which disputed evidence implicates both the court's subject-matter jurisdiction and the merits of the case, we consider relevant evidence submitted by the parties to determine whether a fact issue

exists. *Suarez*, 465 S.W.3d at 632–33. "We take as true all evidence favorable to the nonmovant, indulge every reasonable inference, and resolve any doubts in the nonmovant's favor." *Id.* at 633. If the evidence creates a fact question regarding jurisdiction, then the plea must be denied, but if the evidence fails to raise a question of fact regarding jurisdiction, the plea must be granted as a matter of law. *Id.*

### B. Analysis

"[S]overeign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit." *Miranda*, 133 S.W.3d at 224. The Texas Tort Claims Act (TTCA) is a limited waiver of sovereign immunity. *Id.*; *see generally* TEX. CIV. PRAC. & REM. CODE §§ 101.001–101.109. Under the TTCA, a governmental unit may be liable for a premises defect only "if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(2).

Under the Recreational Use Statute, if a person engages in recreation on premises owned, operated, or maintained by a governmental unit, the governmental unit owes that person only a duty owed to a trespasser on the premises. *See* TEX. CIV. PRAC. & REM. CODE § 75.002(f). "The statute effectively requires for liability either gross negligence or an intent to injure." *Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 659 (Tex. 2007). The statute's list of activities that constitute

11

"recreation" include "bicycling and mountain biking." TEX. CIV. PRAC. & REM. CODE § 75.001(3)(M).

Here, Foussadier was bicycling on a TxDOT controlled road when his injury occurred. As a person engaged in recreation, TxDOT owed him only the duty of care owed to a trespasser. *See* TEX. CIV. PRAC. & REM. CODE §§ 75.001(3)(M), 75.002(f); *Univ. of Tex. v. Garner*, 595 S.W.3d 645, 650 (Tex. 2019) (per curiam). Thus, for sovereign immunity to be waived, Foussadier must prove that TxDOT acted with "gross negligence, malicious intent, or bad faith." *Suarez*, 465 S.W.3d at 627; *see* TEX. CIV. PRAC. & REM. CODE § 75.002(d).

In his live pleading, Foussadier alleges that TxDOT was grossly negligent. Gross negligence requires a showing of two elements:

(1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
(2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceeds in conscious indifference to the rights, safety, or welfare of others.

*Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014); TEX. CIV. PRAC & REM. CODE § 41.001(11).

As to the objective element, Foussadier contends that TxDOT's failure to repair or warn Foussadier of the road defect posed an extreme degree of risk. But Foussadier does not cite any authorities in support of this contention, so it is open to

question whether he has complied with Texas Rule of Appellate Procedure 38.1. *See* TEX. R. APP. P. 38.1.

But we need not pass on that question, because even if we were to conclude that Foussadier briefed this point sufficiently, Foussadier did not raise a fact issue that TxDOT's failure to warn or repair the road defect involved an "extreme degree of risk." An extreme degree of risk is "a threshold significantly higher than the objective 'reasonable person' test for negligence." *Palais Royal, Inc. v. Gunnels*, 976 S.W.2d 837, 851 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd by agr.). "Extreme risk is a function of both the magnitude and the probability of the anticipated injury to the plaintiff." *Id.* The extreme degree of risk element is not satisfied by the remote possibility of injury or even a high probability of minor harm but requires the likelihood of serious injury to the plaintiff. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). Texas courts have consistently held that such omissions as the ones here amount to ordinary negligence at most, not the heightened standard of gross negligence. *See Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 327 (Tex. 1993); *Tex. Dep't of Transp. v. Bagg*, No. 08-23-00148-CV, 2024 WL 4533568, at *7 (Tex. App.—El Paso Oct. 21, 2024, pet. denied) (mem. op.). Because Foussadier failed to raise a fact issue on the objective element of gross negligence, we need not reach the subjective element.

We hold that the trial court did not err in concluding that TxDOT was immune from suit. And because there is no subject-matter jurisdiction over Foussadier's claims against TxDOT, we do not reach his spoliation complaint.

## Conclusion

We affirm the trial court's judgment.

Clint Morgan
Justice

Panel consists of Justices Gunn, Caughey, and Morgan.